UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORE 4 KEBAWK, LLC, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-2792** |
| | * | |
| **RALPH'S CONCRETE PUMPING, INC., ET AL.** | * | **SECTION "L"(1)** |

### ORDER AND REASONS

The Court has pending before it two motions by Loupe Construction and Consulting Company, Inc., to dismiss the counterclaim brought against it by Ralph's Concrete Pumping, Inc. (Rec. Docs. 53, 69). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.      Background**

This case arises out of the development and ownership of marsh-washing technology intended to be used along the Gulf Coast to clean oil spilled from the Deepwater Horizon oil well. A detailed recital of the allegations is not necessary to resolve the present motions. For the present purposes, it is enough to note that Core 4 Kebawk, LLC and Larry Howell filed suit on August 20, 2010 against Ralph's Concrete, among others, alleging misappropriation of Core 4's technology. Ralph's Concrete answered on October 25, 2010 and asserted counterclaims against Core 4 Kebawk and Larry Howell, as well as against two non-parties, Kebawk Group L.L.C. and Loupe Construction and Consulting Company, Inc. Ralph's Concrete alleges that one or more of those four parties and non-parties misappropriated Ralph's property.

Loupe now moves to dismiss the counterclaim asserted against it by Ralph's Concrete. Loupe argues that Ralph's attempted counterclaim was procedurally defective

because Loupe was a non-party and has not properly been made a party to this lawsuit. Loupe also moves to dismiss under Rule 12(b)(6), arguing that Ralph's Concrete has failed to state a claim against it for unjust enrichment or conversion.

Ralph's Concrete opposes the motion, arguing that under these circumstances Loupe was properly joined as a defendant to the counterclaim under Federal Rule of Civil Procedure 13. Ralph's Concrete also argues that it has adequately pleaded a claim for conversion under Louisiana law.

## II. Law & Analysis

### A. Rule 13

A counterclaim is a claim brought in a responsive pleading against an opposing party. *See* Fed. R. Civ. P. 13(a), (b). A responsive pleading cannot assert a counterclaim against only a non-party, because the non-party is by definition not an opposing party. *See United States ex rel. Branch v. Allstate Ins. Co.*, 264 F.R.D. 266, 269 (E.D. La. 2010). However, a counterclaim asserted against an opposing party may additionally bring a non-party into the suit, subject to Federal Rules of Civil Procedure 19 and 20. *See id.* at 269-70 ("A counterclaim, at the very minimum, must be asserted against one party that is already in the lawsuit."); Fed. R. Civ. P. 13(h).

Ralph's Concrete brought counterclaims against Core 4 Kebawk and Larry Howell, who are opposing parties. The counterclaim against Loupe arises out of the same series of transactions and occurrences. Accordingly, although it was a non-party, Loupe was properly made a party to the suit through the counterclaim filed by Ralph's Concrete. Loupe's motion on the basis that it was a non-party is denied.

**B.** **Rule 12(b)(6)**

Motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 554. The Court will not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (quotation omitted).

In Louisiana, "[a] conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel." *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 98-0343, 98-0356, p.4 (La. 12/1/98); 721 So.2d 853, 857. Liability is "predicated on the fault of the defendant." *Id.* at p.5; 721 So.2d at 857.

Loupe argues that Ralph's Concrete has merely recited elements of a conversion cause of action and has not pleaded sufficient factual material to survive a 12(b)(6) motion.[1] Loupe also argues that certain of the allegations in the alternative are inconsistent because Ralph's Concrete should have knowledge of what the specific counter-defendants are alleged to have done.

Loupe is stretching the Supreme Court's *Iqbal* and *Twombly* decisions much too far. Ralph's Concrete has identified certain equipment which it allegedly owned and has alleged that Loupe, among others, was not authorized to use the equipment but did so nonetheless. Ralph's Concrete alleges that it has been damaged by this unauthorized use of its equipment. While those statements may track the elements of a claim for conversion under Louisiana law, they are also factual allegations as to Loupe's alleged conduct. The Court concludes that there is enough

---

[1] Loupe initially that because Ralph's Concrete used the term "unjust enrichment," Ralph's Concrete must be asserting a claim for unjust enrichment under Civil Code article 2298. In response, Ralph's Concrete articulated how its counterclaim adequately states a claim on a theory of conversion. Loupe evidently abandoned its attack on the unjust enrichment theory and instead challenges the sufficiency of the pleadings for a conversion claim. Because the Court concludes that Ralph's Concrete has adequately stated a claim for conversion, the Court need not address whether the factual allegations might also be cognizable as unjust enrichment.

4

factual context and "meat on the bones" of the counterclaim to show that, if the allegations are true, Ralph's Concrete is entitled to relief. Moreover, Ralph's is entitled to plead in the alternative. Fed. R. Civ. P. 8(d). Ralph's Concrete's counterclaim satisfies the requirements of Rule 8 and dismissal under Rule 12(b)(6) is inappropriate.

### III.     Conclusion

Accordingly, for the foregoing reasons,

IT IS ORDERED that Loupe's motions (Rec. Docs. 53, 69) are DENIED.

New Orleans, Louisiana, this 22nd day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE