# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORE 4 KEBAWK, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2792** |
| **RALPH'S CONCRETE PLUMBING, INC, et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Movant Loupe Construction and Consulting Company, Inc.'s ("Loupe") Motion for Summary Judgment[1] on its counter-claim, seeking indemnification against Counter-Defendant Core 4 Kewbawk, L.L.C. ("Core 4") in the amount of $127,677.50. The motion was filed on July 6, 2012 and the submission date was set for August 29 2012. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Core 4 has not filed an opposition. Therefore, this motion is deemed to be unopposed. Moreover, this Court finds that the pending motion has merit.[2]

Before this action was transferred to Section "G", Judge Eldon E. Fallon granted Core 4's counsel leave to withdraw, leaving Core 4 *pro se*. Before its attorneys withdrew, it provided a notice of contact, instructing all future documents to be sent to Bill Wiley at a South Carolina address.[3] The record further indicates that Core 4, through Bill Wiley, last received documents in this matter on

---

[1] Rec. Doc. 192.

[2] In the pending motion, Loupe claims that Core 4 had twice agreed to indemnify Loupe for claims brought in connection with its work performing oil clean-up services. *Id.* at p. 1. In a contract entered into between Loupe and Core 4, Core 4 agreed to reimburse Loupe for all administrative costs and attorneys' fees incurred producing documents in response to a subpoena. *See* Rec. Doc. 192-2 at ¶ 4 (Loupe's statement of undisputed facts); *see also* Rec. Doc. 192-3 at ¶ 9.3 (admissions of Core 4). Core 4 further agreed to indemnify Loupe in a settlement agreement in the event that a party sought losses, claims or damages against Loupe in connection to work performed for Core 4. Rec. Doc. 192-1 at pp. 3-4. Loupe contends that Core 4's obligation to Loupe was triggered by the filing of several lawsuits connected to the work Loupe performed for Core 4, which forced Loupe to incur costs. *Id.* at pp. 4-6. Again, Core 4 has failed to oppose this motion.

[3] Rec. Doc. 133.

July 28, 2011.[4] Since that date, all mailed documents to Core 4 from this Court have been returned as undeliverable.[5] Therefore, it is unlikely that Core 4, or its representative, was aware of the pending motion. Accordingly,

**IT IS HEREBY ORDERED** that Loupe's Motion for Summary Judgment[6] on its counter-claim is **GRANTED**;

**IT IS FURTHER ORDERED** that this order will not become effective until thirty (30) days from the date it is signed;

**IT IS FURTHER ORDERED** that if the parties are aware of a way to contact Core 4, they email this information to the Court's email address (efile-brown@laed.uscourts.gov) and copy all opposing counsel;

**IT IS FURTHER ORDERED** that if the Court receives an opposition from Core 4 within the next thirty (30) days, it will reconsider its ruling to grant the pending motion;

**IT IS FURTHER ORDERED** that this order be mailed to Core 4's address on record.

**NEW ORLEANS, LOUISIANA**, this 29th day of January, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

**ATTN: THE CLERK IS TO MAIL THIS ORDER TO CORE 4'S ADDRESS OF RECORD**.

---

[4] Rec. Doc. 136.

[5] *See* Rec. Doc. Nos. 136, 137, 178, 182, 183, 184, 190, 191, 195, 196, 197.

[6] Rec. Doc. 192.