UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORE 4 KEBAWK, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2792** |
| **RALPH'S CONCRETE PUMPING, INC, et al.** | **SECTION: "G"(2)** |

**AMENDED ORDER AND REASONS**[1]

Before the Court is Defendants Ralph's Concrete Pumping, Inc., Tim Henson, and Danny Blevin's (collectively, "Defendants") "Motion to Dismiss Claims of Larry Howell Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."[2] Plaintiff Larry Howell ("Howell") has failed to file an opposition. After reviewing the pending motion, the memorandum in support, the record, and the applicable law, the Court will grant the pending motion.

## I. Background

On August 20, 2010, Core 4 Kewbawk, LLC ("Core 4") and Howell filed a complaint against Defendants and several other parties, seeking injunctive relief and damages.[3] Many of the defendants have filed counter claims. The case was initially assigned to Judge Eldon E. Fallon. On September 1, 2010, a hearing was held and Judge Fallon denied the request for injunctive relief.[4] On July 8, 2011, counsel for Core 4 sought to withdraw as counsel,[5] and Judge Fallon granted the request.[6]

---

[1] The Court issues this Amended Order and Reasons to correct the caption. No substantive change to the order has been made from the original Order and Reasons (Rec. Doc. 259).

[2] Rec. Doc. 242.

[3] Rec. Doc. 1.

[4] Rec. Doc. 20.

[5] Rec. Doc. 127.

[6] Rec. Doc. 130.

However, Judge Fallon dismissed Core 4's claims on August 17, 2011, for its failure to appear and inform the Court that it has retained new legal counsel, because it was not allowed to proceed *pro se* as a limited liability company.[7]

On October 6, 2011, this matter was transferred to this Section, Section "G," as part of a new docket.[8] On April 30, 2012, counsel for Howell moved to withdraw as counsel of record.[9] This Court granted counsel's request.[10] Since Howell has been *pro se*, the Clerk of Court has mailed all filings to the address provided to the Court by Howell's prior counsel.[11] On February 7, 2013, the Court ordered a status conference to address the fact that the trial date was close and that several parties were unrepresented by counsel and had not participated in this matter for several months.[12] Before the status conference, the Court attempted to reach Howell to obtain his participation via telephone for the status conference, but he could not be reached. The parties attending the status conference indicated that they also had been unable to contact Howell for several months either.[13] The Court decided to continue the trial based on several parties' – including Howell's – lack of participation for several months.[14]

---

[7] Rec. Doc. 138.

[8] Rec. Doc. 150.

[9] Rec. Doc. 179.

[10] Rec. Doc. 187.

[11] *See* Rec. Doc. 179-1 at p. 3.

[12] Rec. Doc. 206.

[13] *Id.* at p. 1.

[14] *Id.* at p. 2; Rec. Doc. 207.

2

The Court held another status conference on February 27, 2013, and again the parties nor the Court were able to reach Howell.[15] On March 15, 2013, Defendants filed the pending motion to dismiss Howell's claims pursuant to Federal Rule of Civil Procedure 41(b), and the motion was set for hearing on April 10, 2013.[16] As the Clerk of this Court has done with all previous filings since Howell's counsel withdrew, a copy of this motion was sent to Howell's address of record in Murrietta, California. Howell did not file an opposition.

## II. The Pending Motion

In support of the pending motion, Defendants argue that Howell has (1) failed to file his witness and exhibit list by December 21, 2012, in accordance with this Court's scheduling order,[17] and to date has not filed these lists; (2) failed to appear at the February 7, 2013 status conference; (3) failed to file an explanation into the record describing his claims, as ordered by this Court on February 8, 2013; and (4) failed to appear for a February 27, 2013 status conference.[18]

Defendants seek dismissal of Howell's claims pursuant to Federal Rule of Civil Procedure 41(b), which reads:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

---

[15] Rec. Doc. 230.

[16] Rec. Doc. 242.

[17] *See* Rec. Doc. 177.

[18] Rec. Doc. 242-1 at pp. 2-3.

Defendants argue that under Fifth Circuit precedent, this Court may dismiss an action for a party's "failure to prosecute."[19] Defendants claim that dismissal is warranted here because Howell has "continually refused to obey the Orders issued by this Court," and "[s]ince the withdrawal of his counsel, Mr. Howell has not taken any step in the prosecution of his case, nor has he taken any action which could be perceived as an attempt at a step in the prosecution of his case."[20] Defendants argue that based on Howell's prior actions (or failure to act), any lesser sanctions would not prompt Howell to diligently prosecute his claims.[21] Finally, Defendants claim that Howell's failure to file into the record an explanation of his claims or witness and exhibit lists has denied them information necessary to fully and completely prepare for the upcoming trial in this matter.[22]

### III. Law and Analysis

As stated above, Rule 41(b) allows a district court to dismiss a plaintiff's claims for failure to prosecute. In *Berry v. CIGNA/RSI-CIGNA*,[23] the Fifth Circuit outlined the conditions necessary to sustain a dismissal under Rule 41(b):

> We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: "(1)

---

[19] *Id.* (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992)).

[20] *Id.* at p. 4.

[21] *Id.*

[22] *Id.*

[23] 975 F.2d 1188.

>   delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[24]

Here, the record is rife with examples of Howell's contumacious[25] behavior. Pursuant to this Court's scheduling order, Howell was required to file a witness and exhibit list by December 21, 2012.[26] To date, Howell has failed to file either of these documents. On January 31, 2013, this Court ordered that a status conference be held on February 7, 2013.[27] This order was sent to Howell's address of record in California. The Court also tried contacting him via telephone on the day of the status conference, but he could not be reached and did not participate in the status conference.

On February 8, 2013, the Court ordered that the parties file into the record an explanation of their remaining claims within 14 days.[28] This order was also sent by mail to Howell's address. Yet, Howell declined to make such a filing or respond in any matter. In the same order, this Court scheduled a status conference for February 27, 2013. Despite repeated attempts by this Court to obtain Howell's participation in this matter, he could not be reached.

As a final attempt to reach Howell, the Court asked the parties if they objected to the Court trying to contract Howell by telephone for the sole purpose of determining if he had received the documents that this Court has mailed to his last address of record. No party objected to this action. On or about April 24, 2013, the Court was able to contact Howell by telephone. He indicated that he had not received any mailings from the Court as he no longer receives mail at the address this

---

[24] *Id.* at 1191 (internal citations omitted) (alterations in original).

[25] "Contumacious" is defined as "stubbornly perverse or rebellious; willfully and obstinately disobedient."

[26] Rec. Doc. 177.

[27] Rec. Doc. 204.

[28] Rec. Doc. 207.

5

Court had on record, and was currently residing in Russia. The Court gave Howell its email address so that he could provide an accurate mailing address and participate. The Court explained that any email he sent would be forwarded to all opposing counsel to avoid any *ex parte* communication. Howell stated that he would email the Court with his correct contact information immediately. No email or correspondence was received by the Court, so the Court again tried to call Howell on May 14, 2013 and May 20, 2013, but was unable to reach Howell. The Court left Howell a voice mail on May 20, 2013, once again asking him to email the Court with an updated mailing address. Again, the Court received no response.

The record reflects that Howell has declined to respond to any of the attempts for communication made by the parties or the Court in this matter. Howell has also taken no action on his own to prosecute his claims, and in one instance the Court continued trial to accommodate the delays. The current trial date is set for June 10, 2013. Despite this Court's efforts to provide Howell every opportunity to preserve his claims, he has continually failed to take action and has delayed this matter. While Howell is proceeding *pro se*, he is still required to abide by all procedural rules.[29] Further, ignorance of, or unfamiliarity with, court proceedings does not relieve a *pro se* litigant of this duty.[30] Local Rule 11.1 of this Court states that "Each attorney and *pro se* litigant has a continuing obligation promptly to notify the court of any address or telephone number change." In addition, Local Rule 41.3.1 intructs that:

> The failure of an attorney or *pro se* litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

---

[29] *Washington v. Jackson State Univ.*, 532 F.Supp. 2d 804, 809 (S.D. Miss. 2006).

[30] *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

For these reasons, the Court finds that the record reflects dilatory and contumacious conduct by Howell to warrant dismissal of his claims. Further, the Court finds that lesser sanctions would not prompt diligent prosecution here. No party, including the Court, can secure the participation of Howell, despite repeated attempts and myriad opportunities. Howell's failure to provide the Court with a current mailing address, or respond via email as he indicated to the Court that he would, demonstrates to the Court that it has exhausted all other options short of dismissing Howell's claims. Finally, the Court finds that as Howell is proceeding *pro se*, he is the cause of this delay, and not an attorney; this delay has also caused prejudice to Defendants because they cannot prepare fully for trial without a list of witnesses and exhibits that Howell plans to use at trial in support of his claims. Therefore, the Court finds that the dismissal of Howell's claims is appropriate under Rule 41(b), and the Court will grant the pending motion.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss Claims of Larry Howell Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure"[31] is **GRANTED** and Howell's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 23rd day of May, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[31] Rec. Doc. 242.

7