UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORE 4 KEBAWK, LLC and LARRY HOWELL,** | * | CIVIL ACTION |
| | * | |
| | * | NO. 10-2792 |
| **Plaintiffs** | * | |
| | * | SECTION G-2 |
| versus | * | |
| | * | JUDGE BROWN |
| **RALPH'S CONCRETE PUMPING, INC.,** | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| **Defendants** | * | |

**PRETRIAL MEMORANDUM**
**ON DEFAULT JUDGMENT AND WAIVER OF JURY TRIAL**

**May It Please the Court:**

Third-party plaintiff Farrow Construction Specialties, Inc. **(Farrow)**, through undersigned counsel, respectfully submits this Pretrial Memorandum on Default Judgment and Waiver of Jury Trial. At the final pretrial conference, the Court requested that Farrow brief the issues regarding the taking of a default judgment against a party (1) who has not answered or otherwise defended the suit; (2) where no party remaining in the suit requested trial by jury; (3) who almost certainly will not appear at trial, since no answer had been filed and issue has not been joined. Minute Entry, dated May 24, 2013 **(Doc. 271)**.

I.

**FACTS**

The substantive facts of this litigation are immaterial to the issues before the Court. Only the

procedural posture of the case is relevant. Plaintiff Larry Howell and his company Core 4 Kebawk, LLC filed this suit against multiple defendants[1] – but not Farrow – alleging essentially a tort defamation suit, and praying for trial by jury. **Doc. 2, ¶ 33.** Defendant Southern Construction filed a third-party action against, <u>inter alia</u>, Farrow and Core 4 Kebawk, LLC, but did <u>not</u> pray for trial by jury. Farrow answered the Southern Construction suit, and added a third-party demand against Howell; Kebawk Group, LLC; Loupe Construction; and Core 4 Kebawk, LLC, but did <u>not</u> pray for trial by jury. **Doc. 41**. Core 4 Kebawk also answered the Southern Construction suit, and reiterated its demand for trial by jury. **Doc. 49.**

Farrow amended its answer and third party claim to add Core 4 Advisors, LLC as a defendant. **Doc. 54.** Farrow did not pray for trial by jury. Core 4 Advisors has never answered the suit, nor appeared in nor defended this suit in any way. Howell and Kebawk Group answered Farrow's third party demand **(Doc. 90)**, and prayed for a jury trial. <u>Id.</u>, p. 15.

This Court granted Farrow's motion for summary judgment against Larry Howell, Kebawk Group, and Core 4 Kebawk on May 22, 2013 **(Doc. 261, 267)**. The Court granted the motions to dismiss the claims of Larry Howell filed by Michael Turner, and Southern Construction, <u>see</u> Order and Reasons, dated May 22, 2013 **(Doc. 260, 266)**, and by Ralph's Concrete Pumping, Tim Henson, and Danny Blevin, <u>see</u> Order and Reasons, dated May 22, 2013 **(Doc. 259)**. Ralph's Concrete Pumping moved to dismiss its own claims against Howell, Kebawk Group, and Core 4 Kebawk

---

[1]The defendants were Ralph's Concrete Pumping, Inc.; Southern Construction and Development, Inc.; Tim Henson; Michael Turner, a domiciliary of Mississippi, who can be found within the State of Louisiana. Upon information and belief, Mr. Turner has ownership interest in Southern; Danny Blevins; and C.J. Ogden. **Doc. 2**

**(Doc. 263)**, and the motion was granted. **Doc. 264.** Turner and Southern Construction then dismissed their own counterclaims, without prejudice, against Core 4 Kebawk, Larry Howell, and Kebawk Group. **Doc. 269, 270.**

At this point, every party except Farrow and Core 4 Advisors has been dismissed from the suit, or else has had summary judgment rendered against it. Neither Farrow nor Core 4 Advisors has prayed for trial by jury.

## II.

## ARGUMENT

### A.   Judgment by default.

Fed. Rule Civ. P. 55, regarding default judgment, is not a model of draftsmanship.[2]

---

[2]**Rule 55. Default; Default Judgment**
(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
(b) ENTERING A DEFAULT JUDGMENT.
   (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
   (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
      (A) conduct an accounting;
      (B) determine the amount of damages;
      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

(continued...)

Nevertheless, the United States Court of Appeals for the Second Circuit recently issued an excellent summary of the federal procedure of default judgments. See City of New York v. Mickalis Pawn Shop, 645 F.3d 114, 128-29 (2nd Cir. 2011) (footnotes, some quotations, and some citations omitted).

> Rule 55 provides a "two-step process" for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment. The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff. The entry of default is governed by Rule 55(a), which provides:
>
>> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> Fed.R.Civ.P. 55(a).
>
> Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, see Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995) (describing "the entry of a default" as "largely a formal matter" (internal quotation marks omitted)), a district judge also possesses the inherent power to enter a default. The entry of a default, while establishing liability, is not an admission of damages. The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54©. Under Rule 55(b), a default judgment ordinarily must be entered by the district judge, rather than by the clerk of court, except in certain circumstances provided for by the rule and not present here. A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to conduct hearings or make

---

[2](...continued)
(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).
(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

> referrals as may be necessary, inter alia, to determine the amount of damages or establish the truth of the plaintiffs allegations. Fed.R.Civ.P. 55(b)(2)(B)-©. A default judgment is a final action by the district court in the litigation [and] one that may be appealed.

The Mickalis Pawn court observed that a default under Rule 55 is available not only against the litigant who fails to answer the suit, but also against one who has failed to "otherwise defend." Id., pp. 129-130.[3]

---

[3] "To be sure, the 'typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer.' Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir. 1986). Nonetheless, a district court is also empowered to enter a default against a 'defendant [that] has failed to … "otherwise defend."' Id., (quoting Fed.R.Civ.P. 55(a)).

"We have embraced a broad understanding of the phrase 'otherwise defend.' For example, in Brock, we concluded that a default was properly entered when the defendant, having demonstrated a lack of diligence during pretrial proceedings, sought and received a mid-trial adjournment, but then failed to appear when the trial resumed. Id. at 63-65. We observed that 'a trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance occurring after a trial has begun.' Id. at 64.

"Similarly, in Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981), we concluded that a defendant's obstructionist litigation tactics, including 'failing to appear for a deposition, dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial[,] were sufficient to support a finding that [the defendant] had 'failed to plead or otherwise defend' under Federal Rule of Civil Procedure 55.' Id. at 65; see also Cotton v. Slone, 4 F.3d 176, 179, 181 (2d Cir. 1993) (affirming entry of default judgment against an individual defendant who, following discovery, withdrew his counsel and refused to comply with a court order requiring submission of a pretrial memorandum).

"And in Eagle Associates v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991), we decided that because the defendant, a limited partnership, had willfully disregarded the district court's order that the defendant appear through counsel, the court was justified in imposing default. 'Such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'' Id. at 1310 (internal quotation marks omitted).

"We also find persuasive the Third Circuit's analysis in Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992). There, the district court entered a default judgment against defendants who had failed to comply with discovery orders and to appear for trial. On appeal, the defendants protested — as Adventure Outdoors and Mickalis Pawn do here — that 'Rule 55 cannot be used to impose a default against a defendant who has filed an answer and actively litigated during pre-trial discovery.' Id. at 917.

(continued...)

5

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc), cert. denied, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983); Keating v. Compro Tax, 09-836, pp. 2-3 (W.D.La. 8-30-2011) (The entry of default leaves only the issue of damages remaining.);[4] Antoine v. Atlas Turner, 66 F.3d 105 (6th Cir. 1995) ("Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount of damages.") (internal quotations and brackets omitted).

The fact that the defaulted defendant may have had a defense on the merits to the claim does not render the default judgment voidable. Irvin L. Young Foundation v. Damrell, 607 F.Supp. 705, 709-09 (D.Me. 1985):

> First, Defendant contends that there was a meritorious defense to

---

[3](...continued)
"The Court of Appeals affirmed. It decided that the plain meaning of the phrase 'otherwise defend' was broad enough to support entry of default even after a defendant had filed an answer asserting affirmative defenses. Id. Relying upon our decisions in Brock and Au Bon Pain, as well as similar decisions in three other circuits, the Third Circuit concluded that 'the district court's power to maintain an orderly docket justifies the entry of a default against a party who fails to appear at trial' or to 'meet other required time schedules.' Id. at 918." [Some citations omitted.]

[4]"If an entry of default has been entered against a defendant, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.' 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 2688 (3d ed. 1998). The Court may conduct a hearing to determine the amount of damages, but Rule 55(b)(2) 'gives the judge wide latitude in determining whether such a hearing will be beneficial.' James v. Frame (In re Frame), 6 F.3d 307, 311 (5th Cir. 1993). Here, default judgment is appropriate. Here, the default-defendants have failed to answer or otherwise defend this lawsuit. Taking the plaintiffs' factual allegations as true, default judgment is appropriate. The default-defendants are liable for the plaintiffs' damages. There is, however, an issue as to the amount of damages. Pursuant to Rule 55(b)(2), this Court has significant discretion over the determination of damages. Id."

the Massachusetts action and that Plaintiff's counsel in that action (who is also Plaintiff's counsel in this action) knew of this defense but pursued a default judgment nevertheless. … Defendant, however, has pointed to no authority, nor can the Court find any, to support the argument that a default judgment was "improperly obtained," and thus invalid, because the underlying claim was meritless. See Milliken v. Meyer, 311 U.S. 457, 462, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940) (full faith and credit precludes inquiry into merits).

### B. There is no right to jury trial for the absent defendant.

The right to trial by jury must be demanded, and after demand can be waived. Bass v. Hoagland, 172 F.2d 205 (5th Cir. 1949).

> The right of jury trial, if not waived but denied after demand, the judge usurping the function of the jury, would seem to be similarly an unconstitutional abuse of power. But the right to jury trial, like the right to assistance of counsel in a criminal trial, may be waived, and in a civil case a waiver is shown by mere acquiescence, when the party or his counsel is present and not objecting. … Rule of Civil Procedure 38 requires that the right be asserted by a demand for it. We have found no federal case which has treated as a mere procedural error a flat denial of a jury trial demanded in a civil case, though we have found none holding its denial to be by itself a good ground of collateral attack.

Bass v. Hoagland, supra 172 F.2d at 209 (emphasis added); McDonald v. Steward, 132 F.3d 225 (5th Cir. 1998) ("Steward's argument aptly recognizes that a party may waive its right to a jury trial by 'mere acquiescence,' and that participation in a bench trial without objection may, under certain circumstances, constitute a waiver of the right to a jury trial.") (citations omitted); Matter of Wynn, 889 F.2d 644 (5th Cir. 1989) ("A party who participates in the determination of the issues – without objecting and reminding the court of its jury request – is barred from later raising the issue on appeal.").

Further, "[t]here is of course no right to a jury trial when there is no issue of fact to be tried, and a judgment by default proceeds on that basis." Bass v. Hoagland, supra (emphasis added). In the case at bar, Core 4 Advisors (1) has never demanded a jury (in fact, has never appeared); (2) is about to be made the object of a pro forma default by the clerk of court; and (3) will almost certainly not show up for trial. Core 4 Advisors simply has no right to trial by jury when Farrow puts on its case for a default judgment, because of Core 4 Advisors's (1) non-demand, (2) default, and (3) waiver.

    **C.**    **The nature and extent of the hearing on damages is within this Court's discretion.**

A default judgment is not an abuse of discretion merely because it does not show what evidence it was based upon. Fehlhaber v. Fehlhaber, supra, 681 F.2d 1015 ("The only respect in which this case and Bass[ v. Hoagland, supra] are similar is the allegation that there was a total lack of evidence to support the amount of the award. This is not a sufficient irregularity under federal principles to subject the California judgment to collateral attack") (footnotes omitted); Williams v. New Orleans Public Service, 728 F.2d 730 (5th Cir. 1984) ("In Fehlhaber we expressly recognized that lack of evidence on damages alone does not necessarily constitute a violation of due process. Furthermore, we held that so long as a defendant has the regular avenues of appeal available to him, he is not denied due process.")

A default judgment is also not void merely because a hearing was not held on damages. Fehlhaber, supra, p. 1028 (footnotes omitted):

> [T]he Supreme Court has stated that no hearing at all is required by the due process clause when a defendant is in default. Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113

(1971). Because Fred was properly held in default no hearing on damages was required by procedural due process; therefore any deficiencies in the proof of damages did not deny Fred the process he was due.

### D.  A jury demand by a defendant does not survive a default.

Even if Core 4 Kebawk had appeared in this suit and demanded a jury, or even if Larry Howell's jury demand inures to Core 4 Kebawk's benefit, a defendant's jury demand does not survive a default.

> Dierschke also complains that he was denied the right to a jury trial. It is universally understood that a default operates as a deemed admission of liability. It is also "clear ... that in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages." Assuming that Dierschke had the right to a jury trial he waived that right when he purposefully chose not to answer the suit and timely request such a trial. [Footnotes omitted.]

Matter of Dierschke, 975 F.2d 181, 185 (5th Cir. 1992), citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990); 5 Moore's Federal Practice § 38.19[3] (1992).

This legal issue, including the Adriana case, was discussed extensively in the case of Two Old Hippies v. Catch the Bus, 784 F.Supp.2d 1221, 1230-32, pp. 14-17 (D.N.M. 2-14-2011) (collecting cases) (emphasis added; footnotes omitted):

> Since the Court allowed [defendant] Catch the Bus' counsel to withdraw, there has been no "entry of appearance by a new attorney." Thus, under local rule 83.8©, the Court may now strike Catch the Bus' filing and enter default judgment against Catch the Bus as to liability. Catch the Bus filed a jury demand, but this jury demand does not survive the entry of default. In an opinion in a prior, separate case, the Court discussed a party's ability to "unilaterally withdraw his jury demand solely for the purpose of conducting an evidentiary hearing to assess damages." Mitchell v. Bd. of County Comm'rs, No. CIV 05-1155, 2007 WL 2219420, at *12 (D.N.M. May 9, 2007) (Browning, J.).

9

\*       \*       \*       \*       \*

The Court held that rule 38(d)'s plain language requires that the party against whom default is entered must give his or her consent to allow the other party to withdraw a jury demand. See <u>Mitchell v. Bd. of County Comm'rs</u>, 2007 WL 2219420, at *13. In this case, however, [plaintiff] Two Old Hippies did not enter a jury demand, so the Court does not face a situation where a party seeks to unilaterally withdraw its jury demand to avoid a jury trial. Only the Defendants filed a jury demand, and, for Catch the Bus, <u>that jury demand does not survive default judgment</u>.

Rule 55(b) states that, after entering default judgment, "[t]he court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to … determine the amount of damages. …" In <u>Henry v. Sneiders</u>, 490 F.2d 315 (9th Cir. 1974), <u>cert. denied</u>, 419 U.S. 832 (1974), the Ninth Circuit rejected a defendant/appellant's claim that her jury demand survived default judgment:

> Was appellant entitled to a jury trial on the issue of damages? After entering default judgment on the issue of liability, the district court held a hearing to determine the amount of damages. Although appellant had asked for a jury on that issue, the court denied the request and proceeded without a jury.
>
> Fed.R.Civ.P. 55(b)(2) authorizes a district court to hold an evidentiary hearing following a default judgment to determine damages. The Rule preserves the right of trial by jury 'when and as required by any statute of the United States.' Appellant cites no 'statute of the United States' requiring a jury trial under these circumstances. Nor is this court aware of any such statute. Therefore, the Rule does not itself require a jury trial on the issue of damages.
>
> <u>Nor does the appellant have a constitutional right to a jury trial under these circumstances, since the Seventh Amendment right to trial by jury does not survive a default judgment</u>. <u>Brown v. Ban Braam</u>, 3 U.S. 344 … (1797); <u>Midland Contracting Co. v. Toledo Foundry and Machine Co.</u>, 154 F. 797 (7th Cir. 1907); […].

490 F.2d at 318 (footnote omitted). More recently, in <u>Adriana Intern. Corp. v. Thoeren</u>, 913 F.2d 1406 (9th Cir. 1990), <u>cert. denied</u> 498 U.S.

1109 (1991), the Ninth Circuit stated:

> Adriana contends it was entitled to a jury trial on the issue of damages. <u>However, after a default judgment has been entered</u> under Fed.R.Civ.P. 37(b)(2), <u>a party has no right to jury trial under either Fed.R.Civ.P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment</u>. [Citation omitted.]

913 F.2d at 1414.

In <u>Sells v. Berry,</u> 24 F.App'x 568 (7th Cir. 2001), the Seventh Circuit also rejected a plaintiff's contention that his jury demand survived the entry of default judgment:

> Finally, Mr. Berry argues that he was denied his right to a jury trial. But given the entry of default, Mr. Berry had no right to a jury trial on either liability, see <u>Bass v. Hoagland</u>, 172 F.2d 205, 209 (5th Cir. 1949); … .

In the case bar, the foregoing authorities are dispositive of any issue regarding the necessity of convening a jury in this matter. Even if Core 4 Advisors had appeared and demanded a jury, or even if Larry Howell's jury demand inured to Core 4 Advisors's benefit, such demand does not survive entry of default by the clerk of court.

### III.

### CONCLUSION

This matter is ripe for the entry of default judgment. There are no due process issues arising from the jury demand by the dismissed parties Larry Howell, Kebawk Group, or Core 4 Kebawk. Farrow moved for the clerk of court's default **(Doc. 273)**, which was granted on May 29, 2013 **(Doc. 274)**; and Farrow will shortly a file a motion for a default judgment.

11

Respectfully Submitted:

**FRANK A MILANESE, PLC**


/s/ Frank A. Milanese
**FRANK A. MILANESE (No. 1961)**
650 Poydras Street, Suite 2600
New Orleans, La 70130-6101
Telephone: (504) 588-1400
Facsimile: (504) 588-1402
E-mail: milaneseplc@gmail.com

**Attorney for Farrow Construction Specialties, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by ECF filing. Defendant Core 4 Advisors, LLC was served by placing a copy of the pleading, properly addressed and postage prepaid, into the U.S. Postal service.

       /s/ Frank A. Milanese
      **FRANK A. MILANESE**